UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PEGGY WALKER and GAYLE
GLOVER,

      Plaintiffs,

vs.

CIVIL ACTION No. CV-95-S-2559-NE

THE CITIZENS BANK OF
LAWRENCE COUNTY,

**ENTERED**

MAR 7 1997

      Defendant.

## MEMORANDUM OPINION

This action is before the court on defendant's motion to alter, amend, or reconsider this court's order and memorandum opinion entered on September 30, 1996. On July 3, 1996 defendant filed a motion for summary judgment. On September 30, 1996, that motion was denied as to Peggy Walker's and Gayle Glover's claims arising under the Equal Pay Act and Title VII; and, as to Walker's claim of retaliatory discharge. Defendant now moves this court to reconsider its decision as to Walker's claim of retaliatory discharge. Upon consideration of the motion, pleadings, briefs,[1] and evidentiary submissions, defendant's motion is denied.

---

[1] In connection with the instant motions, this court has considered: (1) the "Motion of Defendant to Alter or Amend, and in the Alternative to Reconsider, the Order and Memorandum Opinion entered September 30, 1996" ("Defendant's Brief"); and (2) "Plaintiffs' Response to Motion of Defendant to Alter or Amend, and in the Alternative to Reconsider, the Order and Memorandum Opinion Entered September 30, 1996" ("Plaintiffs' Brief").



## I. DISCUSSION

Citizens Bank argues that Peggy Walker failed to submit sufficient evidence demonstrating that Citizens Bank's non-discriminatory reason for Walker's termination - that she violated several federal banking regulations - was a pretext for retaliation. The Eleventh Circuit has outlined a plaintiff's burden to withstand summary judgment on the issue of pretext. "[T]o withstand summary judgment, <u>a plaintiff need only demonstrate that a genuine question exists as to whether the reasons for the decision was [retaliation]</u>." *Howard v. B.P. Oil Co., Inc.*, 32 F.3d 520, 525-26 (11th Cir. 1994).

> ... <u>*evidence* of [retaliation] is all a plaintiff needs to defeat a motion for summary judgment</u>. The evidence must be sufficient to create a genuine factual issue with respect to the truthfulness of the defendant's proffered explanation.

*Howard*, 32 F.3d at 525-526 (*italics* in original).[2]

Walker met this burden by presenting substantial *evidence* of intent to retaliate against her on the part of the President of Citizens Bank, Wayne Gentry. Bobby W. Norwood, the Executive Vice President of Citizens Bank testified that:

> One morning Wayne Gentry told me at Citizens Bank that earlier that morning, he had been out to Peggy Walker's house to see if Charlie Freeman, a friend of Peggy Walker's, was at her house. In this conversation, I asked Wayne Gentry whether he should be doing this or not, and he told me that <u>Peggy Walker had hurt him and that he was going to hurt her</u>.

---

[2] "[P]laintiff's burden at summary judgment is met by introducing evidence that could form the basis for a finding of facts, which when taken in the light most favorable to the non-moving party, could allow a jury to find by a preponderance of the evidence that the plaintiff has established pretext...." *Hariston v. Gainesville Sun Publishing*, 9 F.3d 913, 921 (11th Cir. 1993).

2

(Norwood Affidavit ¶20)(emphasis added). Considered in a light most favorable to Walker, that statement alone is sufficient to create a genuine question as to whether Gentry intended to hurt Walker in retaliation for her filing an EPA charge against Citizens Bank.

Citizens Bank argues that Gentry was not a decisionmaker in the termination of Walker's employment and, therefore, any evidence of animus on his part should not be considered by the court. In support of that position, Citizens Bank cites an incomplete excerpt from the deposition of Wayne Gentry stating, "I have not been involved in this at all." (Defendant's Brief at ¶5.) However, the degree of Gentry's involvement is unclear. Gentry was president of Citizens Bank and chaired the meeting of the Board of Directors at which the Board terminated Walker's employment. (Gentry Deposition at 125.) Therefore, a genuine issue exists as to whether Gentry was a decisonmaker or an uninformed person whose animus toward Walker may be disregarded. Furthermore, Gentry's surveillance of Walker's home in the early morning hours, raises an issue as to whether his conduct was a search for a plausible basis to terminate Walker's employment. Thus, Gentry's desire to "hurt" Walker and his surveillance of her home are sufficient *evidence* to create an issue of fact as to whether retaliation was the true reason for her termination.

3

## II. CONCLUSION

For the foregoing reasons, defendant's motion is due to be denied. An order consistent with this memorandum opinion will be issued contemporaneously herewith.

DONE this 7th day of March, 1997.

_____
United States District Judge

4